UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TATE,

        Plaintiff,                              CIVIL ACTION NO. 09-10698

v.                                     DISTRICT JUDGE BERNARD A. FRIEDMAN
                                        MAGISTRATE JUDGE DONALD A. SCHEER

CORRECTIONAL MEDICAL
SERVICES, and
DR. JOSEPH BURTCH,

        Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

* * *

Plaintiff, while incarcerated at the Thumb Correctional Facility (TCF),[1] in Lapeer, Michigan filed the instant Amended Complaint, pursuant to 42 U.S.C. § 1983, on May 19, 2009, against Correctional Medical Services and Dr. Joseph Burtch, who are under contract by the Michigan Department of Corrections (MDOC) to provided medical services to prison inmates at TCF. Plaintiff alleges that the Defendants were deliberately indifferent to his complaints of severe left hand pain. Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff sought injunctive relief as well as compensatory damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

---

[1] Plaintiff is still incarcerated at TCF.

EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

In the case of Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court explained that lack of exhaustion is an affirmative defense that must be raised by the defendants. The Bock Court reiterated that an inmate's failure to comply with the PLRA's exhaustion requirement deprives the district court of the ability to address the merits of the prisoner's claims. The Court is required to dismiss "unexhausted" claims without prejudice. Id. at 215.

Defendants moved for dismissal on October 16, 2009, arguing that Plaintiff had not exhausted his administrative remedies against them[2]. Plaintiff pursued one grievance through Step III of the grievance process. The grievance was filed on October 6, 2008. (See Grievance TCF-2008-10-555-12d, attached as Exhibits C and D to Defendants' Motion to Dismiss). It is clear from the face of the grievance, that it was not filed against either CMS or Dr. Burtch. The grievance was instead filed against the TCF Medical Health

---

[2]Plaintiff filed a reply to Defendants' Motion to Dismiss on November 24, 2009, contending that lack of exhaustion does not deprive this Court of jurisdiction.

Department, and makes no claim against the defendants[3]. Rather, the grievance complains that Plaintiff did not receive surgery for his hand, despite the best efforts by Dr. Burtch advocating on his behalf (See page 6 of Exhibit D, attached to Defendants' Motion to Dismiss).

In order to properly exhaust administrative remedies under the PLRA, a prisoner must comply with the State's procedures regarding inmate grievance filings. Woodford v. Ngo, 548 U.S. 81 (2006). The prison's requirements define the boundaries of proper exhaustion, and proper exhaustion means using all steps the agency holds out and following them faithfully. Jones v. Bock, 549 U.S. 212.

According to the MDOC policy directive in effect at the time Plaintiff filed his grievance in October 2008, an inmate must include the dates, times, places and names of all those involved in the issue being grieved (See Paragraph R of MDOC Policy Directive 03.02.130 (July 9, 2007 version), attached as Exhibit A to Defendants' Motion to Dismiss). In Sullivan v. Kasajaru, 316 F.App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. 316 F.App'x at 470.

---

[3]The medical personnel who treated Plaintiff worked for CMS, a private corporation which provides medical care at Michigan prisons and camps by contract. CMS, however, acting as an agent of the State, is not liable under the theory of respondeat superior. Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994); Street v. Corrections Corporation of America, 102 F.3d 810, 817-818 (6th Cir. 1996). The general rule is that a private corporation, carrying out a governmental function, may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom that was a "moving force" behind the alleged constitutional violation. Monell v. Dept of Social Services, 436 U.S. 658, 694 (1978); Graham v. County of Washtenaw, 358 F.3d. 377, 383 (6th Cir. 2004).

Plaintiff's failure to specifically name either CMS or Dr. Burtch in his grievance amounted to a failure to properly exhaust that grievance as to each non-named defendant. Jones, 549 U.S. at 218. ("It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Defendants have raised exhaustion as an affirmative defense, and has moved to dismiss on that basis. Plaintiff has failed to demonstrate that he pursued a grievance against the defendants at all levels of administrative review, and he has failed to show that he was precluded from doing so. As a result, the Complaint should be dismissed, without prejudice, on the basis of Plaintiff's failure to exhaust administrative remedies.

Given this recommendation, Plaintiff's Motion for Summary Judgment (Docket #31) should be denied. Defendants' Motion to Compel Answers to Interrogatories (Docket #19) should be denied as moot.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                      s/Donald A. Scheer
                      DONALD A. SCHEER
                      UNITED STATES MAGISTRATE JUDGE

DATED: November 30, 2009
_____

**CERTIFICATE OF SERVICE**

I hereby certify on November 30, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 30, 2009: **Robert Tate.**

                      s/Michael E. Lang
                      Deputy Clerk to
                      Magistrate Judge Donald A. Scheer
                      (313) 234-5217