UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TATE,

    Plaintiff,

vs.

CORRECTIONAL MEDICAL SERVICES
and DR. JOSEPH BURTCH,

    Defendants.
_____/

Civil Action No.
09-CV-10698

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is presently before the court on defendants' motion to dismiss [docket entry 26].  Magistrate Judge Donald A. Scheer has issued a Report and Recommendation ("R&R") in which he recommends that this motion be granted.  Plaintiff has filed objections to the R&R.  The court reviews *de novo* those portions of the R&R to which timely and sufficient objections have been made.  *See* Fed. R. Civ. P. 72(b)(3).

The issue presented by defendants' motion is whether plaintiff exhausted his administrative remedies prior to filing suit.  Plaintiff does not object to the magistrate judge's statement that the law requires exhaustion.  Rather, plaintiff objects to the magistrate judge's conclusion that he failed to comply with the MDOC's grievance procedure because he "fail[ed] to specifically name either CMS or Dr. Burtch in his grievance . . . ."  R&R at 4.  Plaintiff argues he "did name Dr. Burtch and CMS in said grievance."  Pl.'s Obj. at 2.

Plaintiff's grievance, a copy of which is attached to defendants' motion to dismiss as Exhibit D, states:

CIVIL COMPLAINT

MEDICAL NEGLECT AND MISTREATMENT

This grievance is against TCF Medical Health Department.

On October 1, 2008, I was denied the request for hand surgery for the third time by TCF medical health department. Dr. Burtch, submitted this request for me by E-mail on three separate occasions. Yet because of a diagnosis given by (X-ray Tech. Mr. June) on (2-20-08), who determined my hand injury sustained on (2-19-08) was an old fracture I was denied hand surgery.

My injury was caused by a co-worker inmate the day before. On (2-19-08) while pushing this 1000 pound store cart, my co-worker pushed the cart into my hand, which was smashed between the cart handle an[d] a metal door handle as we entered franklin housing unit to perform our detail. Being in much pain with a swollen hand, I was taken to health care and given a couple of mo[tr]ins, then sent to my unit. After the X-Rays on (2-20-08), I was given a hand brace and ace bandage by (Mrs. Mass, P.A.) who took the word of the X-Ray tech., that it was just an old fracture and nothing more. Therefore, after wearing this brace on my hand for 17 days as directed I was still experiencing much pain each time I tried to work my hand and fingers.

I requested medical attention on (4-10-08), because I was not able to use, bend, or move my fingers correctly as before. I realized my pain was a result of improper healing, and not being properly set in this beginning when this injury occur[r]ed. Therefore, I have been requesting medical attention to no avail for my hand and fingers, from (4-10-08 to 9-25-09). And now, because of this neglect of medical attention, I cannot make a fist, and my hand is deformed due to health care person[n]el here at the Thumb Correctional Facility.

RELIEF SOUGHT

1. I desire hand surgery, before I'm forced to live a life of deformity, never being able to use my hand properly again.

As the magistrate judge correctly noted, MDOC regulations in effect when plaintiff

filed this grievance required a prisoner grievance to "include the dates, times, places and names of

all those involved in the issue being grieved." R&R at 3. Paragraph R of PD 03.02.130 states: "Dates, times, places, and names of all those involved in the issue being grieved are to be included." As the magistrate judge also correctly noted, the Sixth Circuit has upheld this requirement. In *Sullivan v. Kasajaru*, 316 Fed.Appx. 469 (6th Cir. 2009), the court affirmed the dismissal of the complaint because plaintiff failed to comply with PD 03.02.130 by failing to specifically name in his grievance the individuals who were later named as defendants in the § 1983 action.

The same result is required here. Plaintiff specifically directed his grievance "against TCF Medical Health Department," which is not named as a defendant. Correctional Medical Services, which is named as a defendant, was not mentioned in the grievance. And while Dr. Burtch was mentioned, the grievance does not suggest that he was involved in the issue being grieved, i.e., the alleged denial of plaintiff's need for hand surgery. To the contrary, the only mention of Dr. Burtch in the grievance is that he "submitted this request [for surgery] for me by E-mail on three separate occasions." The grievance therefore fails to suggest that Dr. Burtch was in any way responsible for the alleged denial of treatment. Under these circumstances, the court agrees with the magistrate judge that plaintiff has not exhausted his administrative remedies as to the defendants he has named in this instant lawsuit. Plaintiff's objections to the contrary are overruled. Accordingly,

IT IS ORDERED that Magistrate Judge Scheer's R&R is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that defendants' motion to dismiss is granted. The dismissal is without prejudice.

IT IS FURTHER ORDERED that all other pending motions in this matter are denied as moot.

                                        S/Bernard A. Friedman_____
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

Dated:  December 11, 2009
       Detroit, Michigan